**TIFFANY & BOSCO** P.A.
2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-07124/6453006

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-03638-GBn |
| John Ronald Bremigan and Pamela Jeanne Bremigan | Chapter 13 |
| Debtors. | (Related to Docket # 34) |
| Wells Fargo Bank, N.A. | **ORDER APPROVING STIPULATION REGARDING MOTION FOR RELIEF** |
| Movant, vs. | |
| John Ronald Bremigan and Pamela Jeanne Bremigan, Debtors; Edward J. Maney, Trustee. | RE: Real Property Located at 1929 North 104th Lane Avondale, AZ 85323 |
| Respondents. | |

IT IS HEREBY ORERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded , at Recorders No. , in the records of the Maricopa County, Arizona Recorder's Office, wherein John Ronald Bremigan and Pamela Jeanne Bremigan, are designated as trustors and Wells Fargo Bank, N.A. is the current beneficiary, which Deed of Trust encumbers the following described real property:

Lot 25, RYLAND AT HARBOR SHORES, according to Book 512 of Maps, Page 35, records of Maricopa County, Arizona.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently due as follows:

| | |
|---|---:|
| 3 Monthly Payments at $1,098.82 | $3,296.46 |
| (July 1, 2009 to September 1, 2009) | |
| 4 Late Charges at each $43.92 | $ 175.68 |
| (May 16, 2009 to August 16, 2009) | |
| Motion for Relief filing fee | $ 150.00 |
| Bankruptcy Attorney Fees Due | $ 800.00 |
| Less Suspense | ($1,012.12) |
| Total Amount of Post-Petition Default | $3,410.02 |

1. The total arrearage above in the amount of $3,410.02 shall be paid in six (6) monthly installments of $568.34. These payments shall be in addition to the regular monthly payment and shall be due on or before the 15th day of the month commencing with the October 15, 2009 payment and continuing throughout and concluding on or before March 15, 2010.

2. In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-petition payment due for **October 1, 2009 (Coming Due),** which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER ORDERED that Wells Fargo Bank, N.A. as the current beneficiary under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Stipulation are complied with. In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-

petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge.  Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant.  If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 2:09-bk-03638-GBn is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and Wells Fargo Bank, N.A., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED  that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.

_____
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF NOTICE

```
District/off: 0970-2          User: zachresb          Page 1 of 1             Date Rcvd: Oct 07, 2009
Case: 09-03638                Form ID: pdf004         Total Noticed: 1
```

The following entities were noticed by first class mail on Oct 09, 2009.
db/jdb     +John Ronald Bremigan,   Pamela Jeanne Bremigan,   1929 N 104th Lane,   Avondale, AZ 85392-4756

The following entities were noticed by electronic transmission.
NONE.                                                                                        TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 09, 2009**                      **Signature:**      _Joseph Speetjens_