**ORDERED ACCORDINGLY.**

**TIFFANY & BOSCO**
P.A.

2525 EAST CAMELBACK ROAD SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-17281

Dated: July 30, 2010



_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>John Ronald Bremigan and Pamela Jeanne Bremigan<br>        Debtors.<br>_____<br>Wells Fargo Bank, N.A.<br><br>        Movant,<br>  vs.<br><br>John Ronald Bremigan and Pamela Jeanne Bremigan, Debtors; Edward J. Maney, Trustee.<br><br>        Respondents. | No. 2:09-bk-03638-GBN<br><br>Chapter 13<br><br>EXPARTE ORDER TERMINATING THE AUTOMATIC STAY FOR FAILURE TO CURE PURSUANT TO THE ORDER APPROVING THE STIPULATION REGARDING MOTION FOR RELIEF |

      Pursuant to the Order entered on October 6, 2009, attached hereto as Exhibit "A", and by this reference incorporated herein, the above-referenced Debtors; were obligated to make specified payments which they have failed to make.

      The Debtors have failed to comply thereby necessitating a written Notice of Default. Attached hereto as Exhibit "B" is a copy of the Notice of Default.

Based on the failure to cure the contractual agreement of the parties, the prior court order and good cause appearing:

IT IS HEREBY ORDERED that the Automatic Stay is the above-entitle Bankruptcy case is immediately extinguished for all purposes as to Secured Creditor, Wells Fargo Bank, N.A. and Wells Fargo Bank, N.A. may exercise whatever state law or contractual rights it may have regarding the property generallydescribed as: 1929 North 104th Lane Avondale AZ 85323 ("Property" herein) and legally described as:

Lot 25, RYLAND AT HARBOR SHORES, according to Book 512 of Maps, Page 35, records of Maricopa County, Arizona.

IT IS FURTHER ORDERED that all conditions of the adequate protection order regarding conversions are binding and are hereby affirmed in this Order as well.

"Exhibit A"

**ORDERED ACCORDINGLY.**



**TIFFANY & BOSCO** P.A.

**Dated: October 06, 2009**

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-07124/█████

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-03638-GBn |
| John Ronald Bremigan and Pamela Jeanne Bremigan<br>Debtors. | Chapter 13<br><br>(Related to Docket # 34) |
| Wells Fargo Bank, N.A.<br>Movant,<br>vs.<br>John Ronald Bremigan and Pamela Jeanne Bremigan, Debtors; Edward J. Maney, Trustee.<br>Respondents. | **ORDER APPROVING STIPULATION REGARDING MOTION FOR RELIEF**<br><br>RE: Real Property Located at<br>1929 North 104th Lane<br>Avondale, AZ 85323 |

IT IS HEREBY ORERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded , at Recorders No. , in the records of the Maricopa County, Arizona Recorder's Office, wherein John Ronald Bremigan and Pamela Jeanne Bremigan, are designated as trustors and Wells Fargo Bank, N.A. is the current beneficiary, which Deed of Trust encumbers the following described real property:

Lot 25, RYLAND AT HARBOR SHORES, according to Book 512 of Maps, Page 35, records of Maricopa County, Arizona.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently due as follows:

| | |
|---|---:|
| 3 Monthly Payments at $1,098.82 | $3,296.46 |
| (July 1, 2009 to September 1, 2009) | |
| 4 Late Charges at each $43.92 | $ 175.68 |
| (May 16, 2009 to August 16, 2009) | |
| Motion for Relief filing fee | $ 150.00 |
| Bankruptcy Attorney Fees Due | $ 800.00 |
| Less Suspense | ($1,012.12) |
| Total Amount of Post-Petition Default | $3,410.02 |

1. The total arrearage above in the amount of $3,410.02 shall be paid in six (6) monthly installments of $568.34. These payments shall be in addition to the regular monthly payment and shall be due on or before the 15th day of the month commencing with the October 15, 2009 payment and continuing throughout and concluding on or before March 15, 2010.

2. In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-petition payment due for **October 1, 2009 (Coming Due),** which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER ORDERED that Wells Fargo Bank, N.A. as the current beneficiary under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Stipulation are complied with. In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-

2

petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 2:09-bk-03638-GBn is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and Wells Fargo Bank, N.A., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.

_____
UNITED STATES BANKRUPTCY JUDGE

"Exhibit B"

**TIFFANY & BOSCO**
P.A.

**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-17281

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-03638-GBN |
| John Ronald Bremigan and Pamela Jeanne Bremigan | Chapter 13 |
| Debtors. | NOTICE OF DEFAULT |
| Wells Fargo Bank, N.A. | RE: Real Property Located at 1929 North 104th Lane Avondale, AZ 85323 |
| Movant, vs. | |
| John Ronald Bremigan and Pamela Jeanne Bremigan, Debtors; Edward J. Maney, Trustee. | |
| Respondents. | |

Wells Fargo Bank, N.A. secured creditor, (hereinafter referred to as "Secured Creditor"), by its attorneys TIFFANY & BOSCO, P.A., hereby files this Notice of Default in the above-captioned case, and avers as follows:

1. An Order was entered on October 6, 2009 which provides for the lifting of the stay imposed by Section 362(a) of the U.S. Bankruptcy Code with respect to that certain Deed of Trust

recorded in the records of the Maricopa County, Arizona Recorder's Office, which encumbers the following real property:

> Lot 25, RYLAND AT HARBOR SHORES, according to Book 512 of Maps, Page 35, records of Maricopa County, Arizona.

A Copy of said Order is attached hereto as Exhibit "A".

2. As of the date of this Notice of Default, the Debtors have not made the payments as required by the aforementioned Order. The Debtors are presently past due as follows:

| | |
|---|---:|
| 3 Monthly Payments(s) at $1,098.02 | $3,294.06 |
| (May 1, 2010 - July 1, 2010) | |
| 2 Late Charge(s) at $43.92 | $87.84 |
| (May 1, 2010 - June 1, 2010) | |
| Attorneys Fees | $150.00 |
| Suspense Amount | ($195.92) |
| Total | $3,335.98 |

**PARTIAL TENDERS WILL NOT BE ACCEPTED**

3. Notice is hereby given to the Bankruptcy Court, Debtors, counsel for Debtors, and Trustee, that unless debtor' default under the terms of the Stipulation and Order is cured not later than fifteen (15) days from date of this Notice, that Movant will proceed, pursuant to the Court's Order lifting the stay, to conduct a Trustee's Sale or mortgage foreclosure, in its discretion, with respect to the above-described Deed of Trust.

DATED this 8th day of July, 2010.

                                      TIFFANY & BOSCO, P.A.

                                      By  /s/ MSB # 010167
                                              Mark S. Bosco
                                              Leonard J. McDonald
                                              2525 East Camelback Road Suite 300
                                              Phoenix, Arizona 850165
                                              Attorneys for Movant

*If the Debtor cures the default prior to the date of expiration this amount may be different.